# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TRACY L. EDGAR,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0976** (BOR Appeal No. 2046904)
                              (Claim No. 2009078805)

**KOHL'S DEPARTMENT STORES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tracy L. Edgar, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kohl's Department Stores, Inc., by Lisa W. Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 2, 2012, in which the Board affirmed a January 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 9, 2010, decision denying Ms. Edgar's request to add herniation of the L4-5 and L3-4 discs as compensable conditions of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Edgar worked as a security officer for Kohl's Department Stores, Inc. On October 9, 2008, Ms. Edgar injured her left ankle, left foot, back, and head while trying to apprehend a shoplifter. The claims administrator held her claim compensable for several conditions, including displacement of cervical disc and displacement of lumbar intervertebral disc. Following this decision, Ms. Edgar had an MRI which revealed degenerative changes at L3-4 and a moderate disc bulge. The MRI also revealed moderate spinal canal stenosis. Ms. Edgar received a course of treatment under this claim, including surgery on her cervical spine, but she continued to

1

complain of pain in her lower back, radiating down into her lower extremities. Ms. Edgar was then evaluated by Rammy Gold, M.D., who believed that Ms. Edgar had a herniated disc at L4-5 and L3-4. Dr. Gold believed Ms. Edgar's herniated discs were likely the result of her work injury. Ms. Edgar was also examined by Curtis Dehmlow, M.D., who stated that Ms. Edgar had herniated discs in her lumbar spine which were caused by the work-related injury. James M. Dauphin, M.D., then evaluated Ms. Edgar. He believed Ms. Edgar's lumbar pain was the result of a pre-existing degenerative disease. Prasadarao B. Mukkamala, M.D., then evaluated Ms. Edgar. He found that Ms. Edgar's symptoms were related to some extent to pre-existing conditions, but he was not able to find that her low back pain was completely unrelated to her compensable injury. On September 9, 2010, the claims administrator denied a request to add herniation of the L4-5 and L3-4 discs as compensable conditions of the claim because no medical evidence was received to support to the additional diagnoses. On January 25, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on August 2, 2012, leading Ms. Edgar to appeal.

The Office of Judges concluded that the preponderance of the evidence supports the denial of the herniated discs as compensable conditions of the claim. The Office of Judges found that Ms. Edgar had a history of back issues which pre-dated the compensable injury. The Office of Judges noted that Ms. Edgar had received treatment from Dr. Dehmlow for low back pain prior to the date of the compensable injury. The Office of Judges found that her pre-existing conditions included degenerative changes at L3-4, moderate to prominent disc bulge, and moderate spinal canal stenosis. The Office of Judges found that Ms. Edgar did not admit her prior back problems and that her testimony was controverted by the medical records in the case. The Office of Judges found that the addition of the herniated discs was not supported by the record. It found that Dr. Mukkamala did not make a specific finding that Ms. Edgar's pain was due to compensable herniated discs. The Office of Judges also did not rely on the opinions of Dr. Gold and Dr. Dehmlow because it found that their correspondence were devoid of particulars. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Edgar has not presented sufficient evidence to show that the requested additional conditions of L4-5 and L3-4 herniated discs are causally related to her compensable injury. The only pieces of evidence in the record that unequivocally found that Ms. Edgar has L4-5 and L3-4 herniated discs are the correspondences of Dr. Gold and Dr. Dehmlow. But the Office of Judges found that these correspondences did not provide any particulars. The Office of Judges had sufficient reason to not rely on their opinions. Dr. Mukkamala also did not make a definitive diagnosis of herniated lumbar disc, and he was not able to attribute her current complaints to her work-related injury. The evidence in the record is insufficient to find that Ms. Edgar herniated her L4-5 and L3-4 discs in the course of and resulting from her employment, particularly in light of her history of low back problems, including degenerative changes at L3-4 and spinal canal stenosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman